**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLEN JEFFREY SATZ,<br><br>Plaintiff,<br><br>v.<br><br>KESHET STARR, *et al.*,<br><br>Defendants. | Civil Action No. 26-11832 (SDW) (CF)<br><br>**WHEREAS OPINION**<br><br>September 28, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Allen Jeffrey Satz's ("Plaintiff") Complaint and Motion for Order to Show Cause[1] (D.E. 1, 2) pursuant to Federal Rule of Civil Procedure ("Rule") 65; and

**WHEREAS** injunctive relief is an extraordinary remedy and should be granted only when the movant has satisfied these four factors: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). The Third Circuit has placed particular emphasis on the first two

[1] Courts in this District have consistently recognized an Order to Show Cause as a procedural vehicle for a preliminary injunction. *Jews For Jesus v. Brodsky*, 993 F. Supp. 282, 287 (D.N.J. 1998). Accordingly, this Court will construe the present Motion for Order to Show Cause as a motion for preliminary injunction. *See Marine Elec. Sys., Inc. v. MES Fin., LLC*, 644 F. Supp. 3d 84, 87 (D.N.J. 2022).

factors, instructing that it "cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)).

**WHEREAS** irreparable harm cannot be established solely on past injury, as the inquiry is directed to the threat of future harm. *TriFound Fin., LLC v. Greenberg*, No. 20-19303, 2021 WL 194763, at *5 (D.N.J. Jan. 20, 2021) (citing *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997)). A showing of irreparable harm is also insufficient if the alleged harm is only indefinite or speculative—the movant must make a clear showing of immediate irreparable injury. *Rivera v. Pennsylvania Dep't of Corr.*, 346 F. App' x 749, 750 (3d Cir. 2009) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Moreover, unexplained delay in seeking a preliminary injunction may render such relief inappropriate and is relevant to the irreparable harm analysis. *Pharmacia Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.*, 292 F. Supp. 2d 611, 622 (D.N.J. 2003).

**WHEREAS** here, Plaintiff's allegations are rooted in past events. Plaintiff acknowledges that the injuries for which he seeks injunctive relief have persisted for nearly four years. (D.E. 2-1 at 11.) He asserts that his liberties and freedoms have been compromised because he cannot pray in the synagogue consistent with his Jewish faith, cannot attend his children's school functions for fear of harassment, and cannot interact with members of his religious community as he previously did. (*Id.*) Plaintiff does not explain this lengthy delay in seeking the extraordinary relief of a preliminary injunction, which weighs strongly against a finding of irreparable harm and renders such relief inappropriate at this time. Additionally, Plaintiff has failed to identify any imminent threat of future irreparable injury; he articulates no concrete basis for immediate harm

without an injunction. (*See id.*) Instead, Plaintiff relies on allegations of past and continuing effects arising from events that occurred years ago. (*Id.* at 2–7.) Accordingly, because Plaintiff has not established the necessary element of irreparable harm, a preliminary injunction is unwarranted.

Therefore, Plaintiff's Order to Show Cause is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Cari Fais, U.S.M.J.